CASE No. 947.

SHARPE v. LEE.

A note payable one day after date, "with interest from date at the rate of twelve per cent. per annum. interest to be paid annually," draws twelve per cent. interest after maturity.

Before MACKEY, J., Anderson, September, 1880.

The case is fully stated in the opinion.

*Messrs. Brown & Tribble,* for appellants.

*Mr. W. H. Lyles,* contra, contended that there was no difference between a note payable one year after date and one payable one day after date : if so, at what period would the line be drawn? That the words, "interest to be paid annually," apply to the *manner* of payment, and not to the *rate,* as in 2 *S. C.* 253.

December 6th, 1880. The opinion of the court was delivered by

McGOWAN, A. J. This was an action on a sealed note in the following words:

"ANDERSON C. H., S. C.

"$1616.51.

"One day after date we, or either of us, promise to pay W. S. Sharpe, trustee of Jane N. Neville, one thousand six hundred and sixteen 51-100 dollars, for value received, with interest from date at the rate of twelve per cent. per annum. Interest to be paid annually, as witness our hands and seals.

"May 1st, 1875.

(Signed)          "THOS. B. LEE.          [L. S.]

"MIRIAM E. LEE.          [L. S.]

"E. PRESTON EARLE."          [L. S.]

On April 3d, 1880, the sum of $2255 was paid, which left due the sum of $447.63, if interest is counted at "twelve per cent. per annum and payable annually," but if it is counted at seven per cent. per annum, after it became due, the note was paid in full. The defendant made that question by way of demurrer "that the complaint did not state facts sufficient to constitute a cause of action." Judge Mackey sustained the demurrer and dismissed the complaint. The defendant appeals to this court on several grounds, which all state nearly the same proposition, in different forms, as that contained in the following:

"1. Because the sealed note was a due paper to bear interest at twelve per cent. annually."

The note was given on May 1st, 1875, prior to the re-enactment of the usury law of 1877, (16 *Stat.* 325,) when it was not unlawful for the parties to agree in writing, signed by the party to be charged therewith, for any specific rate of interest. *Gen. Stat.* 318. The question, then, is purely one of construction. What was the contract of the parties as expressed by the instrument itself? Was it to bear interest at twelve or seven per cent., or at twelve per cent. until due and seven per cent. after due? It is not necessary to review the many cases in our books upon the subject. They have been collected and arranged under proper heads in the appendix to Johnstone's Equity Digest, p. 165. The general rule may be stated in the words of the court in the case of *Langston* v. *S. C. Railroad Company*, 2 *S. C.* 248: "If the debt bears a fixed rate of interest

on its face *higher* or *lower* than that provided by law, the interest fixed by law attaches on it for the detention of the principal sum *when the parties do not contract that it shall be the rate after the debt becomes due."* In construing a paper every word, if possible, should have its full effect. Here the note is made payable " one day after date, with interest from date at the rate of twelve per cent. per annum, interest to be paid annually." There can be no doubt of the intention—that the parties contracted that the interest at twelve per cent. should run for a longer time than one day, as indicated by the declaration that it should be " paid annually," otherwise the word " annually " would not have been used. As Judge Wardlaw says in the case of *O'Neall* v. *Sims,* 1 *Strob.* 115 : " It amounted to a mutual stipulation for an indefinite extension of credit, and annual payment of interest during the extension. * * * The same reason would apply to a case of the principal payable *one day after date with annual payment of the interest."* On a bond due at twelve months, with annual interest from its date, the interest accrues annually as well *after* as before the debt falls due. *Singleton* v. *Lewis,* 2 *Hill* 408 ; *O'Neall* v. *Bookman,* 9 *Rich.* 80 ; *Wright* v. *Eaves,* 10 *Rich. Eq.* 582. The words " payable annually " do not occur in the case of *Briggs* v. *Winsmith,* 10 *S. C.* 133.

It is not the province of the court to make contracts for parties, but to construe them in order to give effect to the intention. We have no doubt of the intention here.

The order dismissing the complaint should be reversed, and it is so ordered.

SIMPSON, C. J., and McIVER A. J., concurred.